IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIBRANT LICENSING LLC, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. _____ |
| LG ELECTRONICS U.S.A., INC., | |
| Defendant. | **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vibrant Licensing LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## THE PARTIES

1.      Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, having its principal office at 7548 Preston Rd, Ste 141 PMB 1002, Frisco, TX 75034.

2.      On information and belief, Defendant LG Electronics U.S.A., Inc. is a corporation organized and existing under the laws of Delaware.

## JURISDICTION AND VENUE

3.      This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4.      This Court has general and specific personal jurisdiction over Defendant, consistent with due process. Defendant is incorporated in Delaware. Further, it has minimum contacts with the

State of Delaware, and has purposefully availed itself of the privileges of conducting business in the

State of Delaware.

5.       Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) on the grounds that

Defendant resides in this judicial district.

## FACTUAL BACKGROUND

**U.S. Patent No. 8,203,541**

6.       Plaintiff is the owner by assignment of all right, title, and interest in and to United

States Patent No. 8,203,541, entitled "OLED Display and Sensor" ("the '541 patent"), including the

right to sue for all past, present, and future infringement, which assignment was duly recorded in the

USPTO.

7.       A true and correct copy of the '541 patent is attached hereto as Exhibit A. The '541

patent is incorporated herein by reference.

8.       The application that became the '541 patent was filed on March 11, 2009.

9.       The '541 patent issued on June 19, 2012, after a full and fair examination by the

USPTO.

10.       The '541 patent is valid and enforceable and directed to eligible subject matter.

11.       The elements recited in the asserted claims of the '541 patent were not well-

understood, routine, or conventional when the application that became the '541 patent was filed.

12.       The claims of the '541 patent, including claim 1, are directed to technical solutions

to technical problems involving OLED displays.

**U.S. Patent No. 8,243,045**

13.       Plaintiff is the owner by assignment of all right, title, and interest in and to United

States Patent No. 8,243,045, entitled "Touch-Sensitive Display Device and Method" ("the '045

patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

14.     A true and correct copy of the '045 patent is attached hereto as Exhibit B. The '045 patent is incorporated herein by reference.

15.     The application that became the '045 patent was filed on March 10, 2009.

16.     The '045 patent issued on August 14, 2012, after a full and fair examination by the USPTO.

17.     The '045 patent is valid and enforceable and directed to eligible subject matter.

18.     The elements recited in the asserted claims of the '045 patent were not well-understood, routine, or conventional when the application that became the '045 patent was filed.

19.     The claims of the '045 patent, including claim 1, are directed to technical solutions to technical problems involving touch-sensitive displays.

## COUNT I – INFRINGEMENT OF THE '541 PATENT

20.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

21.     Defendant has made, used, sold, offered for sale, and/or imported products and/or services that incorporate one or more of the inventions claimed in the '541 patent.

22.     For example, Defendant has infringed at least claim 1 of the '541 patent, either literally or under the doctrine of equivalents, in connection with Defendant's LG Wing 5G, as detailed in the preliminary claim chart attached hereto as Exhibit C and incorporated herein by reference.

23.     Defendant's infringing activities have been without authority or license under the '541 patent.

3

24.     Plaintiff has been damaged by Defendant's infringement of the '541 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '045 PATENT

25.     Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

26.     Defendant has made, used, sold, offered for sale, or imported products and/or services that incorporate one or more of the inventions claimed in the '045 patent.

27.     For example, Defendant has infringed at least claim 1 of the '045 patent, either literally or under the doctrine of equivalents, in connection with Defendant's LG G8 ThinQ, as detailed in the preliminary claim chart attached hereto as Exhibit D and incorporated herein by reference.

28.     Defendant's infringing activities have been without authority or license under the '045 patent.

29.     Plaintiff has been damaged by Defendant's infringement of the '045 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.     Entry of judgment that Defendant has infringed one or more claims of the '541 patent,

B.      Entry of judgment that Defendant has infringed one or more claims of the '045

patent,

C.      Damages in an amount to be determined at trial for Defendant's infringement,

which amount cannot be less than a reasonable royalty,

D.      Pre-judgment and post-judgment interest on the damages assessed, and

E.      That the Court declare this to be an exceptional case and award Plaintiff its

reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285, and

F.      Such other and further relief, both at law and in equity, to which Plaintiff may be

entitled and which the Court deems just and proper.


Dated: January 28, 2022


/s/ *Jimmy Chong*
Jimmy Chong (#4839)
2961 Centerville Road, Suite 350
Wilmington, DE 19808
Telephone: (302) 999-9480
Facsimile: (302) 800-1999
Email: chong@chonglawfirm.com

Cortney S. Alexander
(pro hac vice application to be submitted)
cortneyalexander@kentrisley.com
Tel: (404) 855-3867
Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff